UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SCOTT GRAY,

       Plaintiff,                              Hon. Jane M. Beckering

v.                                                  Case No. 1:22-cv-341

36TH CIRCUIT COURT, et al.,

       Defendants.

_____/

**REPORT AND RECOMMENDATION**

       This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 15), Defendant's Motion to Dismiss (ECF No. 22), and Defendants' Motion for Judgment on the Pleadings (ECF No. 24). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions be granted. The undersigned further recommends that Plaintiff's claims against the remaining Defendants be dismissed without prejudice for failure to timely effect service and this action terminated.

## BACKGROUND

Plaintiff initiated this action on April 11, 2022, against the following individuals and entities: (1) 36th Circuit Court[1]; (2) Van Buren County; (3) Porter Township; (4) Decatur Township[2]; (5) Old Republic Nations Title Insurance Company; (6) Kenneth Wilder; (7) Carol Wilder; (8) Farm Bureau Insurance; (9) David Farrington; (10) Wintrust Mortgage; (11) Ifreedom Direct Corporation; (12) Central Loan and Recordings; (12) Zurich Insurance Group; and (13) Farmers Insurance Exchange. (ECF No. 1).

Plaintiff's complaint is largely indecipherable, but the following can be gleaned therefrom. Plaintiff purchased three parcels of property located in Porter and Decatur Townships. One or more of these parcels was "landlocked." A dispute subsequently arose between Plaintiff and the Wilders regarding a possible easement enabling Plaintiff to access his landlocked property. As part of this dispute, the Wilders took action that damaged Plaintiff's farm equipment and killed, injured, or scared his farm animals. Plaintiff later initiated legal action in state court, but such appears to have been dismissed. Some or all of Plaintiff's property was subsequently foreclosed upon.

Plaintiff initiated the present action in this Court on April 11, 2022, against the defendants identified above. On June 3, 2022, Defendants 36th Circuit Court and Van Buren County moved for a more definite statement pursuant to Federal Rule of Civil

---

[1] 36th Circuit Court is a Michigan state court located in Van Buren County.

[2] Porter and Decatur Townships are both located within Van Buren County.

Procedure 12(e). (ECF No. 9). On June 8, 2022, the Court granted Defendants' motion and ordered Plaintiff to "within 30-days, file with the Court an Amended Complaint that complies with Fed. R. Civ. P. 12(e) and Fed. R. Civ. P. 8(a)(2)." (ECF No. 13). Plaintiff failed to comply with the Court's Order. Rather than submit an amended complaint as ordered, Plaintiff submitted an unintelligible pleading on July 19, 2022. (ECF No. 14). Because Plaintiff is proceeding pro se, the Court will proceed as if ECF No. 1 and 14, save the exhibits attached thereto, together comprise Plaintiff's complaint in this matter.

At this juncture, the following Defendants have appeared and moved for relief: (1) 36th Circuit Court; (2) Van Buren County; (3) Wintrust Mortgage; (4) Ifreedom Direct Corporation; and (5) Central Loan and Recordings. Plaintiff has failed to accomplish service on the remaining defendants.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to

dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The standard for resolving motions asserted under Federal Rule of Civil Procedure 12(c) is the same as for motions asserted under Rule 12(b)(6). *See Bates v. Green Farms Condominium Association*, 958 F.3d 470, 480 (6th Cir. 2020).

## ANALYSIS

### I. Motions for Relief

Defendants 36th Circuit Court, Van Buren County, Wintrust Mortgage, Ifreedom Direct Corporation, and Central Loan and Recordings move to dismiss Plaintiff's allegations for failure to state a claim. Plaintiff's pleadings are largely unintelligible and, more importantly, fail to include any cogent discussion or articulation of the facts allegedly giving rise to this action. Plaintiff has failed to include any specific factual allegations against the moving Defendants, which if proven, would entitle him to relief. Rather, Plaintiff's pleadings consist primarily of unsubstantiated legal conclusions and irrelevant commentary. Simply put, Plaintiff's allegations fail to state a claim against any of these Defendants. Accordingly, the undersigned recommends that the moving Defendants' motions for relief all be granted and Plaintiff's claims against these Defendants be dismissed.

### II. Failure to Serve

Plaintiff initiated this action on April 11, 2022. Plaintiff is not proceeding as a pauper in this matter and is, therefore, responsible for accomplishing service on the defendants. As previously noted, however, Plaintiff has failed to accomplish service on Defendants Porter Township, Decatur Township, Old Republic Nations Title Insurance Company, Kenneth Wilder, Carol Wilder, Farm Bureau Insurance, David Farrington, Zurich Insurance Group, and Farmers Insurance Exchange.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court – on motion or on its own initiative after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See also, Abel v. Harp*, 122 Fed. Appx. 248, 250 (6th Cir., Feb. 16, 2005) ("[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure *compel* dismissal") (emphasis added).

More than 150 days have passed since Plaintiff initiated this action. The time for effecting service on the unserved Defendants has long since passed. Plaintiff has not requested an extension of this deadline or otherwise taken action regarding service of these Defendants. Given Plaintiff's lack of diligence, the undersigned recommends that Plaintiff's claims against Defendants Porter Township, Decatur Township, Old Republic Nations Title Insurance Company, Kenneth Wilder, Carol Wilder, Farm Bureau Insurance, David Farrington, Zurich Insurance Group, and Farmers Insurance Exchange be dismissed without prejudice for failure to timely effect service.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 15), Defendant's Motion to Dismiss (ECF No. 22), and Defendants' Motion for Judgment on the Pleadings (ECF No. 24), all be granted. The

undersigned further recommends that Plaintiff's claims against Defendants Porter Township, Decatur Township, Old Republic Nations Title Insurance Company, Kenneth Wilder, Carol Wilder, Farm Bureau Insurance, David Farrington, Zurich Insurance Group, and Farmers Insurance Exchange be dismissed without prejudice for failure to timely effect service.

For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                                Respectfully submitted,

Date: September 21, 2022                          /s/ Phillip J. Green
                                                                PHILLIP J. GREEN
                                                                United States Magistrate Judge